IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MARCOS REYES CHICAS<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>PLAINTIFF,<br>v.<br><br>GOLDEN BUFFET AND SUSHI, INC.<br>3430 South Jefferson Street<br>Baileys Crossroad, Virginia 22044<br><br>Serve: Gui Xun Chen<br>5303 Pillow Lane<br>Springfield, Virginia 22151<br><br>DEFENDANT. | *<br>*<br>*<br>*<br>*<br>*  Case No.:<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff Marcos Reyes Chicas ("Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Defendant Golden Buffet and Sushi, Inc.("Defendant") for unpaid wages, statutory liquidated damages, reasonable attorney's fees, and costs under the Federal Fair Labor Standards Act ("FLSA").

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of Falls Church, Virginia.

2. Defendant is a corporation formed under the laws of the Commonwealth of Virginia.

3. At all times relevant to this action, Defendant operated as a Pan-Asian Buffet Style Restaurant in Baileys Crossroad, Virginia where a substantial portion of the acts and omissions giving rise to this action occurred.

4. Plaintiff hereby affirms his consent to participate as a plaintiff in a case seeking unpaid wages and damages under the FLSA and for all statutory relief sought in this action.

5. At all times, Defendant qualified as Plaintiff's "employer" and Plaintiff was Defendant's "employee" with rights, protections, and privileges under the FLSA.

6. At all times, Defendant sold food and beverages to consumers that passed across state lines and was otherwise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

7. At all times, Defendant had gross annual revenues exceeding $500,000.00 and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

8. At all times, in the performance of work duties for Defendant, Plaintiff and other employees of Defendant handled goods and work tools that traveled across state lines and were otherwise individual employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9. This Court has Subject Matter Jurisdiction of Plaintiff's claim against Defendant because the claim is brought under the FLSA, a Federal Statute and, as such, Federal Question Jurisdiction applies.

10. Pursuant to the foregoing, Personal Jurisdiction and Venue are each proper in this Court.

## FACTS

11. Plaintiff was employed by Defendant at its Golden Buffet Pan-Asian Buffet Style Restaurant located at 3430 South Jefferson Street Baileys Crossroad, Virginia 22044 from about February 2017 through about June 30, 2019.

12. While employed, Defendant paid Plaintiff wages, in cash only, in semi-monthly pay periods in amounts that gradually increased from $900.00 to his final rate of $1,300.00.

13. At no time did Defendant record or keep accurate or contemporaneous time records that recorded the weekly work hours Plaintiff worked while in Defendant's employ.

14. While employed, the exact number of hours Plaintiff worked varied slightly from week to week.

15. While employed, Plaintiff typically worked six (6) to seven (7) days per week.

16. While employed, each day Plaintiff worked, Plaintiff typically worked 10:00 AM - 9:30/10:30 PM.

17. While employed, Plaintiff typically worked seventy-five (75) to eighty (80) or more hours per week.

18. While employed, Defendant had actual knowledge of all hours Plaintiff worked each week and suffered or permitted Plaintiff to work seventy-five (75) to eighty (80) or more hours per week.

19. While employed, Defendant paid Plaintiff his flat cash salary rate for all hours that he worked each week including overtime Plaintiff worked over forty (40) hours per week.

20. While employed, Defendant never paid Plaintiff at the time-and-one-half rate required by the FLSA for overtime Plaintiff worked over forty (40) hours per week.

21. Defendant now owes Plaintiff his unpaid "half time" overtime premium wages in the amount of about fifteen thousand dollars ($15,000.00).

22. On information and belief, at all times, Defendant had actual knowledge that its failure to pay Plaintiff at the time-and-one-half rate for overtime worked over forty (40) hours

per week was unlawful and/or in direct violation of the FLSA time-and-one-half overtime pay requirement.

## CAUSE OF ACTION - VIOLATION OF THE FLSA

23. Plaintiff re-alleges and reasserts every allegation set forth above as if each were set forth herein.

24. As set forth above, Defendant failed to pay Plaintiff at the FLSA required time-and-one-half overtime rate for overtime hours worked each week in excess of forty (40).

25. Defendant's failure to pay Plaintiff overtime wages as required by the FLSA was with actual knowledge of illegality, was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff for unpaid wages in the amount of $15,000.00, or such other amount as is proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

_____
Gregg C. Greenberg, Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*