## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MARCOS REYES CHICAS | : |
| | : |
|    Plaintiffs, | : |
| | : Case No. 1:19-cv-01053 |
|         v. | : |
| | : |
| GOLDEN BUFFET & SUSHI, INC. | : |
| | : |
|    Defendants. | : |

### ANSWER TO COMPLAINT

COMES NOW the Defendant, Golden Buffet & Sushi, Inc., by and through undersigned counsel, and in response to the Complaint filed in the above-captioned matter states the following:

1. Paragraph 1 of the Complaint contains allegations to which Defendant has insufficient knowledge and/or information to admit or deny.

2. Defendant admits the allegations set forth in paragraph 2 of the Complaint.

3. Defendant admits that it operates a restaurant in Baileys Crossroad, Virginia. Defendant denies the remaining allegations in paragraph 3 of the Complaint and demands strict proof thereof.

4. Paragraph 4 of the Complaint contains allegations to which Defendant has insufficient knowledge and/or information to admit or deny.

5. Paragraph 5 of the Complaint states conclusions of law to which no responsive pleading is required. To the extent this paragraph is deemed to contain allegations of fact, they are denied.

6. Paragraph 6 of the Complaint states conclusions of law to which no responsive pleading is required. To the extent this paragraph is deemed to contain allegations of fact, they

are denied.

7. Paragraph 7 of the Complaint states conclusions of law to which no responsive pleading is required. To the extent this paragraph is deemed to contain allegations of fact, they are denied.

8. Paragraph 8 of the Complaint states conclusions of law to which no responsive pleading is required. To the extent this paragraph is deemed to contain allegations of fact, they are denied.

9. Paragraph 9 of the Complaint states conclusions of law to which no responsive pleading is required. To the extent this paragraph is deemed to contain allegations of fact, they are denied.

10. Paragraph 10 of the Complaint states conclusions of law to which no responsive pleading is required. To the extent this paragraph is deemed to contain allegations of fact, they are denied.

11. Defendant denies the allegations set forth in paragraph 11 of the Complaint, and demands strict proof thereof. Defendant is not aware of ever employing an individual named Marco Reyes Chicas.

12. Defendant denies the allegations set forth in paragraph 12 of the Complaint, and demands strict proof thereof. Defendant is not aware of ever employing an individual named Marco Reyes Chicas.

13. Defendant denies the allegations set forth in paragraph 13 of the Complaint, and demands strict proof thereof. Defendant is not aware of ever employing an individual named Marco Reyes Chicas.

14. Defendant denies the allegations set forth in paragraph 14 of the Complaint, and demands strict proof thereof. Defendant is not aware of ever employing an individual named Marco Reyes Chicas.

15. Defendant denies the allegations set forth in paragraph 15 of the Complaint, and demands strict proof thereof. Defendant is not aware of ever employing an individual named Marco Reyes Chicas.

16. Defendant denies the allegations set forth in paragraph 16 of the Complaint, and demands strict proof thereof. Defendant is not aware of ever employing an individual named Marco Reyes Chicas.

17. Defendant denies the allegations set forth in paragraph 17 of the Complaint, and demands strict proof thereof. Defendant is not aware of ever employing an individual named Marco Reyes Chicas.

18. Defendant denies the allegations set forth in paragraph 18 of the Complaint, and demands strict proof thereof. Defendant is not aware of ever employing an individual named Marco Reyes Chicas.

19. Defendant denies the allegations set forth in paragraph 19 of the Complaint, and demands strict proof thereof. Defendant is not aware of ever employing an individual named Marco Reyes Chicas.

20. Defendant denies the allegations set forth in paragraph 20 of the Complaint, and demands strict proof thereof.

21. Defendant denies the allegations set forth in paragraph 21 of the Complaint, and demands strict proof thereof.

22. Defendant denies the allegations set forth in paragraph 22 of the Complaint, and

demands strict proof thereof.

23. Defendant restates and incorporates by reference its answers to the allegations set forth in paragraphs 1-22 of the Complaint.

24. Defendant denies the allegations set forth in paragraph 24 of the Complaint, and demands strict proof thereof.

25. Defendant denies the allegations set forth in paragraph 25 of the Complaint, and demands strict proof thereof.

Any allegations not expressly admitted or denied in this Answer are hereby denied.

## AFFIRMATIVE DEFENSES

26. The Complaint fails to state a claim upon which relief can be granted.

27. The Complaint is barred by the doctrine of fraud.

28. The Complaint is barred by the doctrine of payment.

29. The Complaint is barred by the doctrine of misrepresentation and deceit.

30. The Complaint is barred by the doctrine of illegality.

31. The Complaint is barred by the doctrine of waiver.

32. Defendant further alleges as an affirmative defense any and all matters constituting a negative defense, avoidance, or affirmative defense to those matters that further investigation or discovery shows to be applicable to any of the claims set forth in the First Amended Complaint.

**WHEREFORE**, having fully answered the Complaint, Defendant respectfully requests that this Honorable Court:

1. Dismiss the Complaint with prejudice;

      2.      Award Defendant its costs and reasonable attorney's fees incurred in this matter; and

      3.      Grant Defendant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated October 11, 2019  /s/_____
Bart Colombo, Esq.
Bar No. 72635
SABOURA, GOLDMAN & COLOMBO, P.C.
312 E. Market Street, Suite F
Leesburg, VA 20176
(703)373-7577 phone
(703)443-0432 fax
bcolombo@sabouralaw.com
*Attorney for Defendant Golden Buffet & Sushi, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was submitted for service through the CM/ECF system this 11th day of October 2019 to the following:

Gregg C. Greenberg, Esq.
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
*Attorney for Plaintiff*

/s/_____
Bart Colombo, Esq.